UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISH NETWORK, L.L.C.,

       Plaintiff,

v.                                                              Case No.  6:12-cv-1629-Orl-28TBS

TV NET SOLUTIONS, LLC,  MOHAMMAD
MUSTAFA,  OMAR RAHEEM,

       Defendants.

_____

## ORDER

     This case comes before the Court on Plaintiff's Motion to Compel Discovery

from Defendants TV Net Solutions and Mohammad Mustafa[1] (Doc. 35).  The

Defendants have not responded to the motion and the time within to do so has

expired.  The motion is due to be granted.

I. Background

     Plaintiff alleges that it is the nation's third largest pay-television provider,

delivering satellite television services to customers nationwide (Doc. 1 ¶ 9).  It claims

ownership of the exclusive right to distribute, broadcast and exhibit several

international channels within the United States including New TV, IQRAA, and Al

Jazeera (the "Channels") (Id. ¶ 11).  Plaintiff's complaint alleges that Defendants are

distributing, broadcasting, exhibiting and facilitating unauthorized access to the

Channels in violation of Plaintiff's exclusive rights (Id. ¶ 14).  Defendants TV Net

Solutions, LLC and Mohammmad Mustafa deny Plaintiff's allegations (Docs. 18, 27).

_____

[1]It does not appear that Defendant Omar Raheem has been served.

Plaintiff served its first request for production on TV Net Solutions on February 8, 2013 and the Defendant responded on May 3, 2013 (Doc. 35-2 p. 5, 16).  TV Net Solutions generally objected to each request on grounds which include vagueness, breadth, undue burden, harassment, relevancy, confidentiality, and trade secret (Id.). Most of its responses otherwise fall into one of three general categories.  First, in answer to many of the requests it said that without waiving its objections, it would produce responsive documents.  As to other requests, it said that without waiving its objections, it was not aware of any such documents.  And third, it agreed to produce documents containing confidential and trade secret information under a protective order.  (Id.).  In March, 2013, Plaintiff drafted a proposed stipulated motion for protective order to address Defendant's concerns (Doc. 35-2 p. 82).  TV Net Solutions has not commented on the draft motion (Doc. 35).[2]  In their case management report, Plaintiff and TV Net Solutions agreed to produce documents as searchable PDF files on compact disks (Doc. 25 p. 7).  In its response, TV Net Solutions said only that it would produce documents for inspection and copying (Doc. 35-2).  It has not produced any documents to Plaintiff (Doc. 35).

On March 20, 2013, Plaintiff served its first request for production on Mohammad Mustafa (Doc. 35-2 p. 41).  He has not responded to the request or produced any documents (Doc. 35 p. 4).

Plaintiff served its first set of interrogatories on TV Net Solutions on or about

---

[2]Whether the Court would grant the motion is a separate issue.  The parties attention is called to Section I.F. of the Court's Case Management and Scheduling Order (Doc. 28).

February 12, 2013.[3]  TV Net Solutions answered the interrogatories on March 27,

2013 (Doc. 35-2 p. 3).  In its answers, it objected to the disclosure of confidential and

trade secret information (Id.).  In addition to disputing these objections, Plaintiff

alleges, based upon documents attached to its motion, that TV Net Solutions'

interrogatory answers are intentionally inaccurate and incomplete in an attempt to

conceal the extent of its relationships with Advanced Television Network and Global

IPTV (Doc. 35 p. 15-16).  This is a serious charge which TV Net Solutions has not

denied.

On May 10, 2013, Plaintiff motioned the Court to compel Defendants to perform

their Local Rule 3.01(g) obligations to meet and confer before most motions in a civil

case are filed.  Plaintiff represented to the Court that counsel for the Defendants had

refused eighteen separate attempts to confer concerning the adequacy of Defendant's

responses to Plaintiff's discovery (Doc. 31).  Defendants did not file a response to the

motion.  The Court held a hearing on the motion[4] during which Defendants' attorney

apologized for his lack of responsiveness which he characterized as an "anomaly" in

his 23 years of state and federal practice.  He explained that he had not conferred

with Plaintiff's counsel because he was having difficulty staying in contact with his

client and that without client input, he could not have a substantive conversation with

Plaintiff's lawyer.  He admitted that he had not responded to all of counsel's phone

calls and he acknowledged that when Plaintiff's counsel tried to reach him, he should

---

[3]Plaintiff failed to allege the date of service, TV Net Solutions acknowledges receipt of the interrogatories on or about the 12th (Docs. 35, 35-2 p. 3).

[4]The Court listened to the audio recording of the hearing before entering this Order.

respond.  The Court agreed and noted that professionalism demanded no less.  At the end of the hearing, the Court ordered counsel to engage in substantive discussions concerning all pending discovery issues (Doc. 34).  According to Plaintiff, Defendant's counsel honored the letter but not the spirit of the Court's Order (Doc. 35 p. 2).  Counsel spoke on May 30, 2013 and Defendants' lawyer promised to confer with his clients and report Defendants' position on the discovery by the end of the following week (Id. p. 2-4).  Since then, Plaintiff's lawyer has phoned Defendants' lawyer six times and Defendants' lawyer has not taken or returned any of the calls.  Plaintiff's lawyer has also emailed Defendants' lawyer four times and Defendant's lawyer has not responded to any of the emails (Id.).

Plaintiff seeks an order overruling the Defendants' objections, compelling them to answer and more fully answer its discovery requests, and ordering Defendants' lawyer to meet and confer with Plaintiff's lawyer on discovery matters (Doc. 35).  Plaintiff also seeks an award of its attorney's fees and costs.

II. Analysis

TV Net Solutions and Mohammad Mustafa did not provide timely responses to any of Plaintiff's requests for discovery.  Federal Rule of Civil Procedure 34(b)(2) provides that the recipient of a request to produce "must respond in writing within 30 days after being served."  Federal Rule of Civil Procedure 6(b)(1)(b) states that the time within to complete an act may be extended "on motion made after the time has expired if the party failed to act because of excusable neglect."  These Defendants never filed motions to serve overdue responses and they have not shown excusable

neglect for their failure to comply with Rules 33 and 34.  This is sufficient to support a finding that Defendants have waived their objections.  <u>Paralikas v. Mercedes Benz LLC</u>, No. Cv 07-0918 (ERK)(WDW), 2008 WL 111186 *1 (E.D.N.Y. Jan. 9, 2008).

There is also "substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." <u>Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.</u>, 258 F.R.D. 149, 156 (S.D.Tex. 2009); <u>Applied Systems, Inc. v. Northern Insurance Co. of New York</u>, 1997 WL 639235 *2 (N.D.Ill. Oct. 7, 1997) (A party's failure to raise a timely objection to discovery requests may constitute a wavier of the objection, including the waiver of objections based upon privilege.); <u>Brenford Environmental Systtems, L.P. v. Pipeliners of Puerto Rico, Inc.</u>, 269 F.R.D. 143 (D.P.R. 2010) (A responding party that fails to make a timely objection may be found to have waived any objections.); <u>Bank of Mongolia v. M & P Global Financial Services, Inc.</u>, 258 F.R.D. 514, 518 (S.D.Fla. 2009) (Defendant who failed to timely object to plaintiff's document requests and failed to respond to inquiries concerning the whereabouts of defendant's responses waived its objections.); and <u>Siddiq v. Saudi Arabian Airlines Corp.</u>, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485 *3 (M.D.Fla. Dec. 7, 2011) (Party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel.).

Factors courts consider in determining whether good cause exists to accept out of time objections include: "(1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether wavier would impose an excessively harsh result on the defaulting party." Enron Corp. Savings Plan v. Hewitt Associates, L.L.C., 258 F.R.D. at 157 (quoting Hall v. Sullivan, 231 F.R.D. 468, 474 (D.Md. 2005)).

Courts have found that a party's failure to timely object did not constitute a wavier where there have been: "(1) minor procedural violations, good faith attempts at complying, and some notice to the opposing party of the privilege objections; (2) where a party accidently fails to list a privileged document in a case involving voluminous documents; and (3) in other cases involving non-flagrant discovery violations where the requested documents are plainly protected by a privilege." Applied Systems, Inc. v. Northern Insurance Co. of New York, 1997 WL 639235 at *2.

Defendants' unexplained failure to serve timely responses to Plaintiff's requests for production and their failure to respond to Plaintiff's repeated attempts to meet and confer are not minor procedural errors.  The Court finds that TV Net Solutions and Mohammad Mustafa have not conducted themselves in good faith and have waived all of their objections to Plaintiff's requests for production.[5]  Ordoyne v.

---

[5]In view of this holding, the Court does not reach or discuss Plaintiff's remaining arguments why TV Net Solutions objections to the requests to produce should be overruled.

McDermott, Inc., No. CIV.A 9903456, 2000 WL 1154616 *1 (E.D.La. Aug. 14, 2000).

Plaintiff's motion to compel TV Net Solutions to produce documents in response to its first request for production (Doc. 35-2 p. 16) is GRANTED.  TV Net Solutions shall produce all documents responsive to Plaintiff's requests for production numbered 1, 3, 4, 5, 6, and 8[6] as searchable PDF files on compact disks within seven days from the rendition of this Order.[7]

Plaintiff's motion to compel Mohammad Mustafa to produce documents in response to Plaintiff's first request for production (Doc. 35-2 p. 41) is also GRANTED. Mohammad Mustafa shall produce all documents responsive to Plaintiff's requests for production as searchable PDF files on compact disks within seven days from the rendition of this Order.[8]

This brings the Court to Plaintiff's motion to compel answers to its interrogatories.  Federal Rule of Civil Procedure 33(A)(2) provides that interrogatories can be used to inquire about any matter within the scope of FED.R.CIV.P. 26(b).  Rule 26(b)(1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  FED.R.CIV.P.

---

[6]These are the only requests Plaintiff moved the Court to compel answers to.

[7]The Court sees no reason to provide TV Net Solutions more time because it has been aware of these requests since February 12, 2013 at the latest, it did not file a paper in opposition to the motion to compel, it should have reasonably anticipated an adverse ruling, and it has had ample time to assemble and produce documents.

[8]In giving this Defendant a short amount of time to comply, the Court applies the same reasoning as it did with TV Net Solutions.

26(b)(1).  But, there are boundaries and the Court can limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  FED.R.CIV.P. 26(b)(2)(C)(iii).  Objections to interrogatories must be timely and specific or else they are waived unless the Court, for good cause, excuses the failure.  FED.R.CIV.P. 33(b)(3).  Plaintiff is asking the Court to compel TV Net Solutions to provide complete answers to the following interrogatories:

Interrogatory No. 2

Explain the process by which television channels are distributed through TV Net Solutions's IPTV service, including the source or location where the channel is acquired, the means of acquiring the channel, any computer server that the channel is sent to, all outlets through which the channel is distributed, and the name and last known street address, email address, and telephone number of each person involved in each step of this process.

Answer

TV NET SOLUTIONS objects on the grounds that it seeks to compel confidential and trade secret information. Without waving [sic] further objection, channels are acquired through web sources. All channels available online, through the content of the owners' website or over satellite(s). Furthermore, persons involved in said steps are listed in answer to Interrogatory No. 1.

Interrogatory No. 3

Explain the process by which television channels are distributed through TV Net Solutions's Web TV service, including the source or location where the channel is acquired, the means of acquiring the channel, any computer server that the channel is sent to, all outlets through which the channel is distributed, and the name and last known street address, email address, and telephone number of each person involved in each step of this process.

Answer

TV NET SOLUTIONS objects on the grounds that it seeks [sic]
compel confidential and trade secret information. Without waving
[sic] further objection, see answer to Interrogatory No. 2.

TV Net Solutions' objections are overruled because they were made too late in

the process.  This Defendant never requested or received an extension of time from

the Court, and it has not shown good cause to excuse its failure to timely perform its

discovery obligations.  TV Net Solutions trade secret objections are also overruled

because it has not met its burden to show that the responsive information is

confidential and disclosure would be harmful.  Md. Cas. Co. v. Shreejee Ni Pendhi's,

Inc., No. 3:12-cv-121-J-34MCR, 2012 WL 3105566 * 2 (M.D.Fla.) (citing Gober v. City

of Leesburg, 197 F.R.D. 519, 521 (M.D.Fla. 2000) (citing Kaiser Aluminum &

Chemical Corp. v. Phosphate Eng. and Const. Co., Inc., 153 F.R.D. 686, 688

(M.D.Fla. 1994)).

Plaintiff argues that the information it seeks in these interrogatories is relevant

to TV Net Solutions' "publicly available programming" defense based upon TV Net

Solutions' assertion that the Channels come from the content "owner's website or over

satellite(s)" (Doc. 35 p. 10).  Plaintiff wants to know: (1) the source or location where

the channel is acquired which means the URL from which the channel is supposedly

obtained and information that will enable identification of the satellite signal; (2) the

means of acquiring the channel; (3) any computer server that the channel is sent to;

(4) all outlets through which the channel is distributed, which includes TV Net's

services and any other internet protocol television or streaming service where the

channel has been made available; and (5) information that identifies each person involved in each step of the process (Doc. 35 p. 11).  The Court finds, based upon Plaintiff's uncontradicted argument and explanation that this information is relevant and discoverable.  Plaintiff's motion to compel TV Net Solutions to fully answer interrogatories numbered 2 and 3 is GRANTED.  TV Net Solutions shall provide full and complete answers to these interrogatories within seven days from the rendition of this Order.

Plaintiff also seeks an order to compel TV Net Solutions to fully answer interrogatory number 4:

> Interrogatory No. 4
>
> Identify each channel that has been distributed by TV Net Solutions, including how the channel was distributed (IPTV or Web TV or both), the month, day, and year that TV Net Solutions began distributing the channel, the month, day, and year that TV Net Solutions stopped distributing the channel, if applicable, all time periods in between during which the channel was not distributed by TV Net Solutions, and the reason the channel was not distributed by TV Net Solutions at that time.
>
> Answer
>
> TV NET SOLUTIONS objects as it is overly broad and unduly burdensome and seeks to compel confidential and trade secret information. Without waving [sic] further objection, TV NET SOLUTIONS is not in possession of any list as channel sources may change, disappear and/or new sources may appear.

TV Net Solutions' trade secret objection is overruled for the reasons already stated.  Its answer that it has not maintained any form of channel list is contradicted by evidence produced by Plaintiff showing that this Defendant posts channel lists on its website, and Plaintiff has observed equivalent channel lists on earlier versions of

TV Net solutions' website (Doc. 35-1 p. 5, Doc. 35-3).  Plaintiff has also produced

evidence showing that TV Net Solutions offers multiple programming packages and

lists the channels included in the packages (Id.).

Plaintiff's motion to compel TV Net Solutions to answer interrogatory number 4

is GRANTED.  TV Net Solutions shall, within seven days from the rendition of this

Order, fully answer interrogatory number 4 by listing all channels it has distributed and

the periods of time during which it distributed each channel.

Plaintiff seeks to compel TV Net Solutions to answer interrogatories concerning

the identity of persons and entities who may have knowledge of, or be assisting TV

Net Solutions' alleged violation of Plaintiff's distribution rights.  Plaintiff is particularly

concerned about TV Net Solutions' relationships with Global IPTV and Advanced

Television Network.  Plaintiff asked TV Net Solutions:

> Interrogatory No. 9
>
> Describe the relationship between TV Net Solutions and Global
> IPTV or "GTV", including how TV Net Solutions came into contact
> with GTV, any products or services that GTV has provided to TV Net
> Solutions and the dates, any products or services that TV Net
> Solutions has provided to GTV and the dates, and all GTV points of
> contact for TV Net Solutions, specifying each person's name, title or
> position, and last known street address, telephone number, and
> email address.
>
> Answer
>
> TV NET SOLUTIONS objects as it is overly broad and unduly
> burdensome and seeks to compel confidential and trade secret
> information. Without waving [sic] further objection, Global IPTV is a
> re-seller for TV NET SOLUTIONS in the United States. They are in
> possession of an E-Commerce site to sell the players. Global IPTV's
> contact information is available through their website.

Interrogatory No. 10

Describe the relationship between TV Net Solutions and Advanced
Television Network or "ATN", including how TV Net Solutions came
into contact with ATN, any products or services that ATN has
provided to TV Net Solutions and the dates, any products or
services that TV Net Solutions has provided to ATN and the dates,
and all ATN points of contact for TV Net Solutions, specifying each
person's name, title or position, and last known street address,
telephone number, and email address.

Answer

TV NET SOLUTIONS objects as it is overly broad and unduly
burdensome and seeks to compel trade secrets. Without waving
[sic] further objection, TV NET SOLUTIONS use to distribute ATN
devices in the United States for a few months before deciding to
terminate their agreement. The point of contact was Mr. Hamid Al
Hamid, CEO of ATN network in Malmo, Sweden.

TV Net Solutions' objections are overruled because they are untimely and it

failed to explain the basis for its objections.  FED.R.CIV.P. 33(b)(4).

Plaintiff has produced unrebutted evidence showing that TV Net Solutions'

answers to interrogatories number 9 and 10 are inaccurate and incomplete.

Statements on TV Net Solutions' website show that Global IPTV is involved in

providing channels to TV Net Solutions.  According to its website, "[TV Net Solutions]

is the exclusive certified distributor for [Global IPTV] in the [U]nited [S]tates of

America". (Doc. 35-1 p. 6; Doc. 35-3 p. 28-30).  TV Net Solutions also made a channel

list available through its website titled "Global IPTV channels."  (Doc. 35-1 p. 5; Doc.

35-3 p. 2-9).  There are additional statements by TV Net Solutions that show Global

IPTV is involved in providing channels including: "No Matter what platform your [sic]

on … You can always watch [Global IPTV]" (Id. p. 6; Id. p. 28-30).  Thus, it appears

that the relationship  between TV Net Solutions and Global IPTV is more extensive

than TV Net Solutions describes in its response to interrogatory No. 9.

TV Net Solutions' answer to interrogatory No. 10 appears to downplay the role

of Advanced Television Network.   Contrary to its interrogatory answer, its website

states that  "[TV Net Solutions] is the exclusive distributor of ATN Services in the

United [S]tates of America" (Id. p 6; Doc. 35-3 p. 34-35).  It has also identified

Advanced Television Network as "the mother company offering the service" (Id.).

According to Plaintiff, when viewing the channels offered by TV Net Solutions, using

the "channels" link on its website, the user is redirected to the Advanced Television

Network website and its channel offerings (Id.; Doc. 35-3 p. 37-38).  And, Mohammad

Mustafa allegedly holds himself out as "VP for engineering at GTV" - a relationship

that was not disclosed in the interrogatory answer (Id. p. 6 , Doc. 35-3 p. 32).  So, it

appears that Advanced Television Network has been involved in distributing the

Channels, and was not just a provider of equipment to TV Net Solutions.

Based upon the evidence and argument submitted by Plaintiff, its motion to

compel is GRANTED.  Within seven days from the rendition of this Order, TV Net

Solutions shall fully and completely answer interrogatories number 9 and 10.

Lastly, Plaintiff seeks an order compelling TV Net Solutions to fully answer

interrogatory 11:

> Interrogatory No. 11
>
> Describe the relationship between TV Net Solutions, ELAF Net TV,
> LLC, and Nilesat IPTV, including any common owners, officers,
> directors, or employees, any sharing of television channels,
> streams, feeds, or technology used to deliver channels to

> customers, and all ELAF and Nilesat points of contact for TV Net
> Solutions, specifying each person's name, title or position, and last
> known street address, telephone number, and email address.
>
> Answer
>
> TV NET SOLUTIONS objects as it is overly broad and unduly
> burdensome. Without waving [sic] further objection, TV NET
> SOLUTIONS does not have any relationship to ELAF Net TV, LLC.
> Nilesat IPTV distributes ATN devices in the United States.

Plaintiff alleges and TV Net Solutions has not denied that it's claim of not having any form of relationship with ELAF Net TV, LLC is false.  Plaintiff has filed copies of records maintained by the Florida Secretary of State identifying Omar Raheem as a manager of TV Net Solutions and as a manager of ELAF Net TV, LLC (Doc. 35-1 p. 7; Doc. 35-3 p. 37-39).  Plaintiff specifically asked about "common owners, officers, directors, or employees" in interrogatory number 11 and TV Net Solutions did not mention Omar Raheem.  Plaintiff has also provided evidence that there is a subdomain associated with TV Net Solutions' website, located at www.tvnetsolutions.com/elaf/, that may be an under construction version of the ELAF Net TV, LLC website (Id.; Doc. 35-4 p. 5-20).

Plaintiff's motion to compel TV Net Solutions to answer interrogatory number 11 is GRANTED.  Within seven days from the rendition of this Order, TV Net Solutions shall fully and completely answer interrogatory number 11.

A motion to compel must include a certificate that the movant conferred or attempted to confer with the other party in good faith, in an effort to resolve the dispute before seeking the Court's assistance.  FED.R.CIV.P. 37(a)(1).  The party that prevails on the motion is entitled to recover its expenses, including reasonable

attorney's fees except when: (1) the motion to compel was filed before the movant attempted in good faith to get the discovery without court action; (2) the losing party's position was substantially justified; or (3) other circumstances make an award unjust. FED. R. CIV. P. 37(a)(5)(A).  None of these exceptions apply.  Accordingly, Plaintiff is awarded its reasonable legal expenses, including attorney's fees, incurred in connection with this motion.  Plaintiff has fourteen days from the rendition of this Order to file its motion for fees and costs and Defendants shall have fourteen days to respond to the motion.

The Court's Case Management and Scheduling Order states: "Counsel and all parties (both represented and pro se) shall comply with this order, with the Federal Rules of Civil Procedure, with the Local Rules of the United States District Court for the Middle District of Florida, and with the Administrative Procedures for Case Management/Electronic Case Filing."  (Doc. 28 p. 2).  It also provides:

> A. Certificate of Good Faith Conference – Before filing any motion in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. Local Rule 3.01(g). . . . The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter. . . . Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice – Henry Latimer Center for Professionalism). The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

(Id. § II.A.)

  It appears that counsel for Defendant has repeatedly violated his obligations under Local Rule 3.01(g) and the Case Management and Scheduling Order. Accordingly, within fourteen days from the rendition of this Order, Defendants' attorney shall show cause in writing, why he should not be sanctioned.

  **IT IS SO ORDERED.**

  **DONE AND ORDERED** in Orlando, Florida, on August 12, 2013.

_____

THOMAS B. SMITH

United States Magistrate Judge

Copies to all Counsel