UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISH NETWORK L.L.C.,

    Plaintiff,

v.                                                     Case No:   6:12-cv-1629-Orl-41TBS

TV NET SOLUTIONS, LLC, MOHAMMAD
MUSTAFA, GLOBAL SATELLIT IP TV
SCANDINAVIAN AB and BASEM
HALABI,

    Defendants.

## ORDER

This matter comes before the Court Plaintiff's Motion for Default Judgment and a Permanent Injunction against Defendants Global Sattelit IP TV Scandinavian AB and Basem Halabi.  (Doc. 73).  Plaintiff attached a number of exhibits to the motion, including heavily redacted license agreements with foreign-language networks.  (Docs. 73-2, 73-3).  On August 25, 2014, the Court directed Plaintiff to submit the agreements and all relevant amendments in full, either <u>in camera</u> or in a public filing.  On September 3, Plaintiff complied with the Court's order by submitting the agreements and all amendments and renewal letters <u>in camera</u>.  In the letter accompanying that submission, Plaintiff indicated that it was "in the process of negotiating renewals for certain of these television channels."  Now, the Court directs Plaintiff to file on the public docket redacted copies of these license agreements disclosing more information than is revealed in the exhibits to their motion for default judgment.  The Court will also afford Plaintiff the opportunity file any renewals it has negotiated.

The public enjoys a qualified common-law right of access to judicial proceedings. See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001). The right applies to all material submitted "in connection with a substantive motion," and it requires the Court to balance the interest of the parties in keeping the information confidential with the interest of the public in making it available. Id. at 1312-13. "The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original))).

Redacting parts of a document, like sealing a document in its entirety, infringes on the public's right of access. Redaction, however, can be a far less drastic alternative to sealing and, in many cases, is a solution that substantially honors both the parties' interest in secrecy and the public's interest in access. This is such a case. The license

agreements Plaintiff submitted in conjunction with its motion for default judgment provide essential evidence of Plaintiff's entitlement to relief.  The Copyright Act requires that all assignments of copyright be in writing, 17 U.S.C. § 204, and the license agreements satisfy this writing requirement.  They also define the scope, geographical, temporal, and otherwise, of Plaintiff's copyright.  Withholding information relevant to the scope of the assignment would deny the public its right to access the information on which this Court bases its judgments.  The nature of the right Plaintiff asserts–a right to exclude anyone from making certain uses of the works at issue–and the nature of the relief it seeks–an injunction–further heighten the public's interest in disclosure.  That said, the agreements also contain confidential information, including information relating to pricing, having no relevance to any of the issues in this case.  Disclosing this information would harm Plaintiff and the licensors without accomplishing any public good.

The exhibits Plaintiff filed in connection with its motion are too heavily redacted to honor the public right of access.  Definitions of important terms, including the term "Territory," are redacted.  The redacted exhibits leave the reader guessing as to the temporal and geographical scope of the assignments–for all a member of the public knows, the agreements confer the right to broadcast the channels in Canada and expired four years ago.  These omissions render the redacted exhibits incapable of proving anything significant.

In fact, the Court's review of Plaintiff's in camera submissions show that several of these agreements–in particular, those concerning Al Arabiya, IQRAA, and Noursat, have expired (although they were still in force when Plaintiff filed its motion).  In addition, the Dream 2 agreement is set to expire by the end of this month.  If Plaintiff no longer owns

any copyright for works currently airing on a channel, it is not entitled to an injunction barring Defendants from distributing or publicly performing those works.

Accordingly, it is hereby **ORDERED** that, within 21 days of the date of this order, Plaintiff shall file a redacted copy of each agreement, disclosing the following information:

1. The preamble of the agreement;
2. From Part A of each agreement:
    a. the identity of the parties, including any definition of a party (such as "Network" or "Distributor");
    b. the effective date of the agreement and the term of the agreement;
    c. the geographical scope of the agreement, including any definition of "Territory"; and
    d. any provision entitled "Exclusivity Limitations";
3. Part B of each agreement, entitled "Service Description";
4. The signature page or pages; and
5. From the standard terms and conditions attached to each agreement:
    a. any definition of "Service"; and
    b. paragraph 2, entitled "Grant of Rights."

In addition, Plaintiff shall file any document it contends operates to renew the original agreement, as well as any amendment that affects any of the provisions identified above.   Plaintiff may redact from these documents any information bearing on terms of the agreement other than those noted above.   Finally, Plaintiff may redact parts of the terms the Court has ordered it to disclose upon showing, to the Court's satisfaction, that disclosure will cause a clearly defined and serious injury.

**DONE** and **ORDERED** in Orlando, Florida on September 10, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties